UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YORK INSURANCE COMPANY OF MAINE<br>       Plaintiff<br><br>VS.<br><br>DONACO, INC., NEW ENGLAND HOMES, INC., TOM DOGGART AND LISA DOGGART<br>       Defendants | )  CIVIL ACTION<br>)  NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  JANUARY 4, 2019 |

## DECLARATORY JUDGMENT COMPLAINT

### FIRST COUNT

1. The plaintiff, York Insurance Company of Maine ("York"), is an insurance company organized under the laws of the state of Maine with a principal place of business in South Portland, Maine. York is authorized to do business in the State of New Hampshire and the State of Connecticut.

2. The defendant, Donaco, Inc., is a corporation organized under the laws of the state of New Hampshire with a principal place of business in New Hampshire.

3. The defendant, New England Homes, Inc., is the legal predecessor of the defendant, Donaco, Inc. The defendant, New England Homes, Inc., amended its Articles of Incorporation with the New Hampshire Secretary of State to change its name from New England Homes, Inc., to Donaco, Inc., on August 31, 2011.

- 1 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

4. The name change of the defendant, New England Homes, Inc., from New England Homes, Inc. to Donaco, Inc. did not affect the rights or liabilities previously contracted for or incurred by New England Homes, Inc.

5. The defendant, Tom Doggart, is a Connecticut resident who resides at 49 Brockett Road, Niantic, Connecticut.

6. The defendant, Lisa Doggart, is a Connecticut resident who resides at 49 Brockett Road, Niantic, Connecticut.

7. This is an action seeking declaratory relief which is brought pursuant to 28 U.S.C. §§ 1332 and 2201. Upon information and belief, the amount in controversy exclusive of interest and costs, exceeds $75,000, based upon the nature of the damages allegedly sustained by the Doggarts.

8. Venue is appropriate pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in the District of Connecticut.

**CLAIM FOR RELIEF:**

9. By way of a two-count Complaint dated August 17, 2016, the defendants, Tom Doggart and Lisa Doggart (hereinafter collectively referred to as the "Doggarts"), commenced suit against Donaco, Inc., New England Homes, Inc., Ricon Builders, LLC, Ricon Homes, LLC, and Attila Keller, individually and D/B/A Ricon Builders, LLC, stemming from alleged breaches of the Connecticut Products Liability Act, Conn. Gen.

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

Stat. §§ 52-572m, et. seq. That lawsuit, hereinafter referred to as the Doggart lawsuit, is presently pending in Connecticut Superior Court in the Judicial District of New London.[1] A copy of the Complaint in the Doggart lawsuit is attached hereto as **Exhibit A**.

10. Count One of the Complaint in the Doggart lawsuit is directed at the defendant, Donaco, Inc., as "Successor in Interest" to defendant New England Homes, Inc.

11. In Count One of the Doggart lawsuit, the Doggarts allege that they are the current owners of a residential modular home located at 49 Brockett Road, Niantic, Connecticut.

12. Count One of the Doggart lawsuit further alleges that said modular home was manufactured by defendant New England Homes, Inc., the predecessor of defendant Donaco, Inc.

13. Count One of the Doggart lawsuit further alleges that said modular home was sold and assembled on the 49 Brocket Road premises by Ricon Builders, LLC, in 2002 for the Plaintiffs' predecessor in interest, his parents.

14. Count One of the Doggart lawsuit further alleges that, pursuant to Conn. Gen. Stat. §52-572m(c), the Doggarts are "claimants" asserting a products liability claim for damages incurred.

---

[1] On June 27, 2017, the Doggarts withdrew their claims against Ricon Builders, LLC, Ricon Homes, LLC, and Attila Keller.

- 3 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

 HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

15. Count One of the Doggart lawsuit further alleges that as the "successor" to defendant New England Homes, Inc., defendant Donaco, Inc., is a "manufacturer" under Conn. Gen. Stat. §52-572m(e) because it "designs, assembles, fabricates, constructs [sic] packages, and otherwise prepares a product or component part of modular homes" prior to its sale.

16. Count One of the Doggart lawsuit further alleges that Ricon is a "product seller" under Conn. Gen. Stat. §52-572(a) because it is engaged in the business of selling modular homes.

17. Count One of the Doggart lawsuit further alleges that in May 2015, the Doggarts discovered defects in manufacturing and defects in the installation of the modular components, which include but are not limited to the following:

   a. Improper installation of the exterior flashing and water-resistant sheathing material, in violation of Connecticut Building Code §1403.3 and the manufacturer's installation instruction;

   b. Improper installation of the exterior siding material, in violation of Connecticut Building Code §1403.3 and the manufacturer's installation instruction;

   c. Improper installation of the exterior windows, in violation of Connecticut Building Code §1403.3 and the manufacturer's installation instruction;

   d. Improper installation of the exterior doors, in violation of Connecticut Building Code §1403.3 and the manufacturer's installation instruction;

   e. Improper Installation of the granite landing, which allowed water and termite infiltration, in violation of Connecticut Building Code

- 4 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

§1405.3.10, and failure to adequately detail on the factory plans to show proper installation requirements;

f. Structural elements of the building walls and floors appear to be undersized or improperly installed;

g. Failure to properly and adequately attach all floor joists to the main carrying beam;

h. Failure to adequately attach the building to the foundation and failure to properly set the second-floor building modules on a sound base as required by the building plans;

i. Failure to follow the building plans during the installation of the building modules;

j. Improper installation of the ½" inch plywood shim beam between the first and second floors as required by the manufacturer's installation requirements and plans; and

k. Improper installation of ½" sheetrock between the first and second floor, which could not support the weight required.

18. Count One in the Doggart lawsuit further alleges that all of the structural elements listed in the preceding paragraph are still within their "useful safe life" pursuant to Conn. Gen .Stat. § 52-577a(c).

19. Count One in the Doggart lawsuit further alleges that neither the Doggarts nor their predecessors in title made any modification or alteration of the components complained of prior to the recent discovery of damages.

20. Count One in the Doggart lawsuit further alleges that, as a result of the alleged defects in construction and assembly of the modular structure and its

- 5 -



Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

component parts, the modular residence home has sustained severe damage, including but not limited to the following:

    a. Every window in the structure and every door in the structure has leaked, allowing water to enter the structure which has structurally damaged sheathing and caused great accumulations of black mold on the exterior faces of the plywood which plywood encapsulates the entire structure;

    b. Although the plans call for ½" plywood to be used between floors, sheetrock was used in its place, which is not structurally safe and is causing the entire second floor to settle;

    c. Termite infestation;

    d. Wood rot throughout the house; and

    e. Floors with a noticeable spring and "bounce" when walked upon.

21.    Count One in the Doggart lawsuit further alleges that the defendant, Donaco, Inc., as successor to the defendant, New England Homes, Inc., is liable for the Doggarts' losses in one or more of the following ways:

    a. In the course of manufacturing the modular components, it failed to properly install the exterior flashing and water-resistant sheathing material, in violation of Connecticut Building Code §1403.3 and the manufacturer's installation instructions;

    b. In the course of manufacturing the modular components, it failed to properly install the exterior siding material, in violation of Connecticut Building Code §1403.3 and the manufacturer's installation instructions;

    c. In the course of manufacturing the modular components, it failed to properly install the exterior doors, in violation of the Connecticut Building Code §1403.3 and the manufacturer's installation instructions;

- 6 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

    d. Failed to adequately detail on the factory plans the proper installation of the granite landing so as to prevent water and termite infiltration;

    e. In the course of manufacturing the modular components, it failed to properly size, and failed to properly install, structural elements of the building's walls and floors;

    f. Failed to properly instruct on the proper attachment of floor joists to the main carrying beam;

    g. Failed to properly instruct on the proper attachment of the modular components to the foundation, and the setting of the second-floor components on a sound basis; and

    h. Failed to adequately instruct on the necessity of following the building plans during the installation of the building modules.

22.    Count Two of the Complaint in the Doggart lawsuit, which was directed at Ricon Builders, LLC, Ricon Homes, LLC, and Attila Keller, Individually and D/B/A Ricon Builders, was withdrawn on June 27, 2017.

23.    In the prayers for relief filed in the Doggart lawsuit, the Doggarts seek to recover damages, attorney's fees and costs pursuant to Conn. Gen. Stat. § 52-572m, and such other relief as at law or equity may appertain.

24.    The plaintiff, York, issued to defendant New England Homes Inc., Donahue Realty Trust, and Daniel J. Donahue & Daughters, in New Hampshire, a Commercial Liability Policy bearing policy number YMR 815566 (the "2003 – 2004 Policy") with effective dates of December 1, 2003 to December 1, 2004.

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

25.     The plaintiff, York, issued to defendant New England Homes Inc., Donahue Realty Trust, and Daniel J. Donahue & Daughters, in New Hampshire, a renewal Commercial Liability Policy bearing policy number YMR 815566 (the "2004 – 2005 Renewal Policy") with effective dates of December 1, 2004 to December 1, 2005.

26.     The plaintiff, York, issued to defendant New England Homes Inc., Donahue Realty Trust, Daniel J. Donahue & Daughters, and Donahue Family, LLC, in New Hampshire, a renewal Commercial Liability Policy bearing policy number YMR 815566 (the "2005 – 2006 Renewal Policy") with effective dates of December 1, 2005 to December 1, 2006.

27.     The plaintiff, York, issued to defendant New England Homes Inc., Donahue Realty Trust, Daniel J. Donahue & Daughters, and Donahue Family, LLC, in New Hampshire, a renewal Commercial Liability Policy bearing policy number YMR 815566 (the "2006 – 2007 Renewal Policy") with effective dates of December 1, 2006 to December 1, 2007.

28.     The plaintiff, York, issued to defendant New England Homes Inc., Donahue Realty Trust, Daniel J. Donahue & Daughters, and Donahue Family, LLC, in New Hampshire, a renewal Commercial Liability Policy bearing policy number YMR 815566 (the "2007 – 2008 Renewal Policy") with effective dates of December 1, 2007 to December 1, 2008.

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

 HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

29.  The plaintiff, York, issued to defendant New England Homes Inc., Donahue Realty Trust, Daniel J. Donahue & Daughters, and Donahue Family, LLC, in New Hampshire, a renewal Commercial Liability Policy bearing policy number YMR 815566 (the "2008 – 2009 Renewal Policy") with effective dates of December 1, 2008 to December 1, 2009.

30.  The Policies issued by York to defendant New England Homes Inc., Donahue Realty Trust, Daniel J. Donahue & Daughters, and Donahue Family, LLC (collectively, the "Policies") provided per occurrence liability limits of $1,000,000 and a general aggregate limit of $2,000,000.

31.  The Polices provide, in pertinent part, the following insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

### SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion,

   b.  This insurance applies to "bodily injury" and "property damage" only if:

   (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

- 9 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103



Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

>> (2) The "bodily injury" or "property damage" occurs during the policy period.

\* \* \*

## 2. Exclusions

This insurance does not apply to:

This insurance does not apply to:

>> **j. Damage To Property**
>>
>> "Property damage" to:
>>
>> > (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>>
>> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".
>>
>> **k. Damage to Your Product**
>>
>> "Property damage" to "your product" arising out of it or any part of it.
>>
>> **l. Damage To Your Work**
>>
>> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>>
>> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\* \* \*

## SECTION II – WHO IS AN INSURED

If you are designated in the Declarations as:

- 10 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

 HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

- d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

4. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

    a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

    b. Coverage **A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

**c. Method of Sharing**

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

 HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

If all of the other insurance permits contribution by equal shares, we will follow this method also.  Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any f the other insurance does not permit contribution by equal shares, we will contribute by limits.  Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

\*   \*   \*

### SECTION V – DEFINITIONS

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. "Products-completed" operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

       (1) Products that are still in your physical possession; or

- 12 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

  (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    (a) When all of the work called for in your contract has been completed.

    (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work may need service, maintenance, correction, repair or replacement, which is otherwise complete, will be treated as completed.

17. "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that cause it; or

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

21. "Your product"

  a. Means:

    (1) any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      (a) You;

      (b) Others trading under your name; or

      (c) A person or organization whose business or assets you have acquired; and

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

 HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

        (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b.    Includes

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and

        (2)    The providing of or failure to provide warnings or instructions.

22.    "Your work"

    a.    Means:

        (1)    Work or operations performed by you or on your behalf; and

        (2)    Materials, parts or equipment furnished in connection with such work or operations.

    b.    Includes

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2)    The providing of or failure to provide warnings or instructions.

\*   \*   \*

31.    The Polices are further modified by the following endorsement:

**FUNGI OR BACTERIAL EXCLUSION**

This endorsement modifies insurance provided under the following:

- 14 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.  The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:

   2. Exclusions

   This insurance does not apply to:

   Fungi Or Bacteria

   a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

   b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying neutralizing, remediating, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

32. The Policies are further modified by the following endorsement:

### COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

\*   \*   \*

**F.  Transfer Of Your Rights And Duties Under This Policy**

   Your rights and duties under this policy may not be transferred without our written consent except in this case of death of an individual named insured.

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

33. York maintains that the coverage provided by the Policies does not apply to claims asserted against the defendant New England Homes, Inc., nor its successor in interest, the defendant Donaco, Inc., in the Doggart lawsuit and that York consequently has no duty to defend or indemnify the defendants Donaco, Inc. or New England Homes, Inc., against said claims.

34. There is no coverage provided by the Policies for the claims asserted against the defendants, Donaco, Inc. and New England Homes, Inc. in the Doggart lawsuit, as the "property damage" allegedly sustained by the Doggarts was excluded from coverage by the exclusions as set forth by the Policies.

35. Coverage under the Policies for the claims asserted against the defendants, Donaco, Inc. and New England Homes, Inc., in the Doggart lawsuit is barred by operation of the Policies' Damage to Property exclusion, as the claimed damages constitute "property damage" to "part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

36. Coverage under the Policies for the claims asserted against the defendants, Donaco, Inc. and New England Homes, Inc., in the Doggart lawsuit is further barred by operation of the Policies' "your work" exclusion because the claimed damages constitute "property damage" to "your work."

37. Coverage under the Polices for the claims asserted against the defendant, Donaco, Inc., F/K/A New England Homes, Inc., in the Doggart lawsuit is further barred

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

by operation of the Policies' "your product" exclusion because the claimed damages constitute "property damage" to "your product."

38.     Coverage under the Policies for claims asserted against the defendants, Donaco, Inc. and New England Homes, Inc., in the Doggart lawsuit is further barred by the "Fungai or Bacteria Exclusion" endorsement, as the alleged "property damage" would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents.

39.     Coverage under the Policies for claims asserted against the defendants, Donaco, Inc. and New England Homes, Inc., in the Doggart lawsuit is further barred by the "Fungai or Bacteria Exclusion" endorsement, as the Doggarts seek to recover losses, costs or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying neutralizing, remediating, or assessing the effects of, "fungi" or bacteria.

40.     To the extent the Doggarts seek to recover attorney's fees and costs, the Policies' do not afford coverage because attorney's fees and costs do not constitute "damages" in the context of the Policies' coverage grants.

50.     To the extent that the defendants, Donaco, Inc. and New England Homes, Inc. have available, in connection with the Doggart lawsuit, liability coverage from any other insurer on a primary basis, then to the extent any of the Policies afford coverage,

- 17 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

that coverage will be shared with such other insurer or insurers either on an equal or pro rata basis.

51.   Because the Policies do not provide coverage for the claims asserted in the <u>Doggart</u> lawsuit against the defendants, Donaco, Inc. and New England Homes, Inc., York does not have an obligation to defend or indemnify the defendants, Donaco, Inc. and New England Homes, Inc. in the <u>Doggart</u> lawsuit.

52.   Notwithstanding its position that the Policies do not afford coverage to the defendants, Donaco, Inc. and New England Homes Inc., in the <u>Doggart</u> lawsuit, York is defending Donaco, Inc. and New England Homes, Inc. in the <u>Doggart</u> lawsuit under a complete reservation of rights.

53.   There is an actual bona fide and substantial question in dispute between York and the defendants as to the rights and obligations of the parties with respect to the Policies.  Specifically, there exists a substantial question as to whether the aforementioned Policies obligate York to provide coverage for the claims alleged in the <u>Doggart</u> lawsuit against the defendants, Donaco, Inc. and New England Homes, Inc.

54.   York certifies that all persons with a legal interest in this matter have been joined as parties to this declaratory judgment action.

- 18 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

WHEREFORE, York prays for the following relief:

1.   A declaratory judgment that York is not obligated to defend and/or indemnify Donaco, Inc. and New England Homes, Inc. in the <u>Doggart</u> lawsuit.

2.   That all allowable costs be taxed to the defendants in this action;

3.   For such other, further or different relief as the Court deems necessary to achieve justice.

THE PLAINTIFF,<br>
YORK INSURANCE COMPANY OF MAINE<br>
By: /s/ Daniel P. Scapellati<br>
Daniel P. Scapellati<br>
Fed Bar #ct03855<br>
HALLORAN & SAGE LLP<br>
One Goodwin Square<br>
225 Asylum Street<br>
Hartford, CT 06103<br>
Its Attorneys

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105